HENRY JONES v. GATE CITY LIFE INSURANCE COMPANY.

(Filed 11 October, 1939.)

**Insurance §§ 15, 18—In an action to reform policy for fraud, plaintiff must show that agent had the authority to make the contract as claimed.**

The policy in suit provided that it should not cover death from childbirth occurring within nine months from the effective date of the policy, and that the policy should be effective from the date of delivery. Insured died from childbirth within nine months from the delivery of the policy but more than nine months from the date of application and payment of the first weekly premium. Plaintiff beneficiary instituted this action to reform the policy for fraud upon his contention that insured's local soliciting agent represented that the policy was in force from the date of application and payment of the first weekly premium. *Held:* Even though plaintiff's action is to reform the contract for fraud so that it should conform to the agreement claimed to have been made with the agent, plaintiff must show the authority of the agent to make the agreement as claimed, and in the absence of evidence of such authority, testimony as to the agreement made with the local soliciting agent was properly excluded, and *held further*, the agreement as claimed would be in contravention of C. S., 6458, prohibiting any agent from making a contract of insurance or agreement relating thereto other than as plainly expressed in the written policy.

APPEAL by plaintiff from *Carr, J.*, at May Term, 1939, of BEAUFORT. Affirmed.

*Grimes & Grimes and LeRoy Scott for plaintiff, appellant.*
*S. M. Blount for defendant, appellee.*

SCHENCK, J. This is an action to reform an insurance policy issued by the defendant upon the life of Nora Jones wherein the plaintiff was the beneficiary, and to recover the death benefits thereunder. The policy contained *inter alia* the provisions that (1) "No obligation is assumed by the Company prior to the date and delivery of this policy," and that (2) "No benefits will be paid for death resulting directly or indirectly

from childbirth . . . during the first nine months this policy is in force." Application for the policy was signed and the first weekly premium of 25c was paid to the soliciting agent on 13 September, 1937, and the policy was dated and delivered on 27 September, 1937. The insured Nora Jones died of childbirth on 15 June, 1938. The death of the insured therefore occurred within nine months of the date and delivery of the policy, but not within nine months of the date of the application therefor and payment of the first premium thereon.

The plaintiff offered his own testimony to the effect that Earl Flemming, the local agent of the company, took his application for the policy on the life of his wife, Nora Jones, on 13 September, 1937, and that he paid Flemming the first premium of 25c upon that date, and that Flemming then said to him, "This is in force right now." "I can neither read nor write." Objection to this testimony was sustained and plaintiff reserved exception.

At the close of plaintiff's evidence the court sustained defendant's motion for judgment as in case of nonsuit, and to judgment accordant with such ruling the plaintiff excepted and appealed, assigning error.

This appeal presents the question as to whether the court erred in sustaining the objection to the plaintiff's testimony. If such testimony was properly excluded it follows that the nonsuit was properly entered, but if such testimony was improperly excluded the plaintiff is entitled to a new trial.

". . . it is also accepted doctrine that when the parties have bargained together touching a contract of insurance, and reached an agreement, and in carrying out, or in the effort to carry out, the agreement a formal written policy is delivered and accepted, the written policy, while it remains unaltered, will constitute the contract between the parties, and all prior parol agreements will be merged in the written instrument; nor will evidence be received of prior parol inducements and assurances to contradict or vary the written policy while it so stands as embodying the contract between the parties." *Floars v. Insurance Co.,* 144 N. C., 232.

Plaintiff, however, contends that since this is an action to reform the policy on the ground of fraud perpetrated on him by the agent Flemming, so as to make it correctly state the contract between the parties, the testimony was competent to establish what this contract was, namely, that the policy should be in full force from the date of the application therefor, 13 September, 1937.

Flemming was merely a local soliciting agent thereof and as such had no authority to bind the defendant company. *Graham v. Ins. Co.,* 176 N. C., 313. There is no evidence in the record that the agent Flemming had any authority or power to make the contract as claimed by the plain-

tiff, and in the absence of such evidence it was clearly incompetent to show what he said in furtherance of such contract.

The burden was on the plaintiff to show that the contract was within the agent's power, real or apparent, *Floars v. Ins. Co., supra; Biggs v. Ins. Co.,* 88 N. C., 141; and it would seem that the contract as claimed by the plaintiff would be in contravention of C. S., 6458, which reads, in part: "nor shall any such company (life insurance company doing business in this State) or any agent thereof make any contract of insurance or agreement as to such contract other than as plainly expressed in the policy issued thereon."

"In order to reform a policy by reason of an alleged mutual mistake of the applicant and agent, it should be shown that the contract, as claimed, must be one that the agent had the power to make." *Floars v. Ins. Co., supra.* The doctrine here applied to policies obtained by mutual mistake is likewise applicable to agreements, contracts and policies procured by fraud.

The judgment of the Superior Court is

Affirmed.